Walker *v.* Hauss-Hijo.

## WALKER *vs.* HAUSS-HIJO *et al.*

A material man, who has furnished lumber for the erection of a building, has no lien thereon for the price of the materials furnished, unless he files in the recorder's office of the county in which the building is situated, within sixty days after the completion of the building, notice of his intention to hold a lien for the amount due to him, &c.; upon his failure to do so, the lien is lost.

Where a material man institutes proceedings to enforce a lien, a prior mortgagee of the premises on which the building has been erected, will, on his application, be admitted as defendant to contest the plaintiff's claim.

Walker *v.* Hauss-Hijo.

*It seems* that the lien of a material man cannot take preference over the lien of a prior mortgage.

APPEAL from the district court of the county of San Joaquin. The plaintiff, Walker, filed his complaint in the district court for the county of San Joaquin, for the purpose of enforcing a lien which he claimed to have upon a building which he had erected for one Hauss-Hijo. The latter disputed the lien. The defendant Dickenson was not originally made a party to the suit, but was, on his own application, admitted to defend for the purpose of protecting a prior lien which he claimed as mortgagee of the premises on which the building was erected. It appeared, at the trial, that more than sixty days had elapsed after the completion of the building before the plaintiff filed any notice of his lien, and the court was asked to charge the jury that the lien, if any ever existed, was for this reason lost. The court refused so to charge and the defendants excepted. The jury found a verdict in favor of the plaintiff against Hauss-Hijo for the amount of his claim, but did not find that he was entitled to a lien, or that he had filed the requisite notice. The court, however, not only gave judgment personally against Hauss-Hijo for the amount found due by the jury, but also rendered a further judgment declaring the plaintiff's claim to be a lien on the land, and ordering the same to be sold for the satisfaction of the lien. From this judgment the appeal was brought.

*Mr. Irving*, for the plaintiff.

*R. A. Hopkins*, for the defendants. The court erred in refusing to charge the jury as requested. (*Sec.* 7 *and* 9, *of act to provide for Mechanics' Liens; Smith* v. *Drew,* 5 *Mass. Rep.* 515; *Lyle* v. *Ducomb,* 5 *Binney,* 585; 14 *Pick.* 49.)

The mortgagee cannot control the mortgagor : a sale of the land under the judgment would convey a perfect title to the purchaser, and thereby defeat the security of the mortgagee. (9 *Watts,* 54; 5 *id.* 487.) The judgment should have been for

Walker *v*. Hauss-Hijo.

a sale of the equity of redemption only. (9 *Serg. & Rawle*, 315.) The judgment was not in accordance with the verdict.

As to Dickenson's right to interplead, *see* 14 *Pick*. 49.

*By the Court,* LYONS, J. This is an action to recover a debt alleged to be due for lumber furnished, which lumber, it is averred, was used in the construction of a certain building particularly described in plaintiff's petition. Petitioner prays that his claim be considered as a lien, and he seeks to enforce it as such. Pending the suit an interplea is filed by a mortgagee, who sets up, in virtue of his mortgage, a prior lien on the land occupied by the building referred to, and prays for a sale of the whole in satisfaction thereof. The amount claimed by plaintiff is admitted to be due and unpaid, but it is urged that having failed to record his lien as a lumber merchant, in accordance with the requirements of the statute, he is not entitled to the benefit of its provisions. In the court below judgment was rendered in favor of plaintiff, and " a lien on the house described " in complaint decreed." From this judgment interpleader appeals.

The statute " to provide for the lien of mechanics and others" gives ample security to the mechanic and furnisher of materials used in the construction of buildings, &c., but to enable such persons to avail themselves of the extraordinary remedy thus placed within their reach, all the provisions of the law must be strictly complied with. (5 *Mass*. 515.) Sec. 1 of the act before cited, creates a lien in favor (amongst others) of lumber merchants on the buildings in the construction of which the materials furnished have been used. Sec. 7 provides that " any " person wishing to avail himself of the provisions of the first " section, whether his claim be due or not, shall file in the re- " corder's office of the county in which the building is situated, " at any time within sixty days after the completion of the build- " ing, notice of his intention to hold a lien for the amount due, " or to become due to him, specifically setting forth the amount " claimed. Upon his failure to do so the lien shall be lost."

It does not appear from the record that any of the require-

ments of the law have been complied with, and we do not see how the penalty of their non-observance, pointed out in the latter clause of the section quoted, can fail to attach.

The jury before which this cause was tried rendered a verdict in the following words: " We, the jury, find for the plaintiff " the sum of the account, eleven hundred and forty-seven dol- " lars and ninety-three cents." Upon this verdict judgment was entered by order of the court, reciting the verdict of jury, and adding " and that he (plaintiff) is entitled to a lien on the " house described in his complaint, for said amount."

The court erred in rendering judgment essentially different from the verdict of the jury; the latter accords no lien to plaintiff, and although the only question so far as the interpleader was concerned seems to have been entirely overlooked, we think it was not within the discretion of the court to determine it.

Judgment so far as to decree a lien, reversed—the remainder being in conformity with verdict of jury, affirmed.